NANCY A. FOUTS

*v.*

BARBARA ELLEN BELL *et al.*

Opinion filed April 21, 1898.

1. DEEDS—*handing deed to third person for grantee is not a delivery, if grantor retains control.* Handing a deed to a third person for the grantee, to be delivered in case of accident to the grantor, who was about to undertake a journey, is not a delivery to the grantee, where, after the grantor's safe return, he again possesses himself of the deed and keeps it until his death.

2. SAME—*finding unrecorded deed among grantor's papers does not show delivery.* An unrecorded deed executed by the grantor to his wife some eleven years before his death, found after his death among his papers in a locked box to which he alone had the key, will not be deemed legally delivered, where, from its execution until his death, the grantor treated the land as his own without objection by the wife, she at one time joining in a deed to part thereof.

3. SAME—*fact that husband's and wife's papers are kept together does not show delivery.* The fact that other papers belonging to the wife are found with an unrecorded deed from her husband to her, after his death, in a locked box containing his papers, does not show that the deed was in her possession, where the husband kept the key.

APPEAL from the Circuit Court of Stark county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding.

B. F. THOMPSON, for appellant:

It is not essential that a deed should pass from the hand of the grantor to the grantee. Any disposition made of the deed by the grantor with the intention thereby to deliver it, will, if accepted by the grantee, constitute a sufficient delivery. *Hill* v. *Hill,* 119 Ill. 242; *Price* v. *Hudson,* 125 id. 284; *Benneson* v. *Aiken,* 102 id. 284; Washburn on Real Prop. 288-293.

Actual delivery is not necessary, if the grantor intends the execution of the deed to have the effect of delivery. 5 Am. & Eng. Ency. of Law, 441, and notes.

Intention is the controlling element in the matter of delivery. *Walker* v. *Walker,* 42 Ill. 311; *Masterson* v. *Cheek,*

23 id. 72; *McDonald* v. *Minnick,* 147 id. 651; *Wilson* v. *Wilson,* 158 id. 567.

The delivery of the deed will be presumed from slight circumstances, where there is proof of the intention of the grantor to convey to the grantee. *Crabtree* v. *Crabtree,* 159 Ill. 342.

Where a deed, duly executed, is found in the hands of the grantee, there is a strong implication that it has been delivered, and only clear and convincing evidence can overcome the presumption. (*Griffin* v. *Griffin,* 125 Ill. 430.) And the fact that the deed was found in the box, among other papers of the grantor and grantee, cannot be regarded as evidence that the delivery of the deed had been withdrawn. *Loveland* v. *Loveland,* 136 Ill. 75.

The presumption of the delivery of the deed is greater in cases of voluntary settlements than in ordinary cases of bargain and sale. *Crabtree* v. *Crabtree,* 159 Ill. 342.

ALLEN P. MILLER, and FRANK A. KERNS, for appellees:

When the facts show that the grantor did not intend to lose control of the deed, and still continues to have power over the title without the consent of the grantee, there is not such a delivery as the law requires to render it a deed, and it cannot pass title. *Gorman* v. *Gorman,* 98 Ill. 361; *Byars* v. *Spencer,* 101 id. 429; *Stinson* v. *Anderson,* 96 id. 373; *Cline* v. *Jones,* 111 id. 563; *Price* v. *Hudson,* 125 id. 284.

To constitute a delivery of a deed it must clearly appear that it was the intention of the grantor that the deed should pass the title at the time, and that he should lose all control over it. *Wilson* v. *Wilson,* 158 Ill. 567; *Brown* v. *Brown,* 167 id. 631; *Weber* v. *Christen,* 121 id. 97; *Insurance Co.* v. *Campbell,* 95 id. 267; *Hoig* v. *Adrian College,* 83 id. 267; *Byars* v. *Spencer,* 101 id. 429.

The deed having been found in the box of the grantor after his death, it follows that there had been no delivery of said deed, for the reason it remained in the control and

possession of the grantor.   The fact, if proven, that the grantee (his wife) had some papers in the same box does not change the rule. *Hayes* v. *Boylan,* 141 Ill. 400; *Bovee* v. *Hinde,* 135 id. 137; *Jordan* v. *Davis,* 108 id. 336.

If a grantor retains possession and control of his deed, and also of the land therein described, up to the time of his death, the instrument is void for want of delivery in the grantor's lifetime. *Hayes* v. *Boylan,* 141 Ill. 400; *Bovee* v. *Hinde,* 135 id. 137; *Cline* v. *Jones,* 111 id. 563; *Benneson* v. *Aiken,* 102 id. 284; *Byars* v. *Spencer,* 101 id. 429.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Levi Fouts died intestate November 16, 1894, leaving appellant, Nancy A. Fouts, his widow, and six children, including the appellees, Barbara Ellen Bell and Alice J. Roof, his only heirs-at-law.   Appellees filed their bill in this case for partition, alleging title, by descent, in themselves and the other children from Levi Fouts as his heirs, subject to dower of appellant, as widow.   Appellant answered, denying that Levi Fouts, at the time of his death, was the owner of the premises, and alleged that on November 8, 1883, by his warranty deed of that date duly executed, acknowledged and delivered, he sold and conveyed to her, then his wife, now his widow, the said premises.   Appellant also filed a cross-bill in the case asking affirmative relief, and, the cross-bill being answered, the cause was referred to the master in chancery, who reported that a deed was made as alleged in appellant's answer and cross-bill, but that it was not delivered in the lifetime of Levi Fouts; that the land descended to his heirs, and that appellees were entitled to partition.   Exceptions to the report were overruled, and there was a decree for partition among the heirs and assignment of dower to appellant.

The only question in the case is whether the deed made by appellant's husband, Levi Fouts, was delivered

to her. The competent evidence on that subject established the following facts: On November 8, 1883, Levi Fouts was about to start on a journey to Kansas. His son Jacob C. Fouts took him to the railroad station at Wyoming, where he had a deed drawn, which he signed and acknowledged, conveying the real estate to appellant, his wife. This deed he gave to his son in a sealed envelope, saying that it was a deed to his wife, and that if anything happened to him the son should give it to her and have it recorded right away. The son took the deed home and put it in a trunk. Levi Fouts returned from Kansas without accident and the deed remained in the possession of his son, who afterwards removed to Kansas, taking it with him. It remained in the trunk from four to six years, when Levi Fouts wrote requesting it to be sent to him, and it was sent. It was never heard of afterwards until it was found after his death. He remained in possession of the premises, rented them, paid the taxes and had entire control over them. About a year before his death he bargained with another son, Elijah A. Fouts, to sell him eighty acres of the land, and he signed a deed for the same, in which appellant joined, but it was never delivered. At the death of Levi Fouts he had a tin box in which he kept his papers, and in which there were also papers of appellant. The box was locked and the key to it was found in his clothes after his death. The box was taken to Castleton and put in a safe. The administrator inventoried the real estate as property of the deceased, but in July, 1895, about seven months after Fouts' death, the box was unlocked, and the deed he made in 1883, and also the undelivered deed to his son for eighty acres of the premises, were found in the box. Appellant took the deed made to her and had it recorded.

We think that the master and court were right in the conclusion that the evidence failed to establish a delivery. For eleven years after the deed was made the

grantor controlled and rented the farm, paid the taxes on it and contracted to sell eighty acres of it, making a deed in which appellant joined. He treated the land as his property with appellant's knowledge, and never surrendered the control of the deed or the premises. The deed was among his papers in the tin box on his death, and he had possession of the key. The fact that papers of his wife were found in the same box is not sufficient to show that the deed was in her possession, when he alone kept the key by which access to the box was obtained. *Loveland* v. *Loveland,* 136 Ill. 75.

The decree of the circuit court will be affirmed.

*Decree affirmed.*